UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROL BLANCHARD, EXECUTIVE DIRECTOR OF )
THE TEAMSTERS UNION 25 HEALTH SERVICES )
& INSURANCE PLAN, )
    Plaintiff, ) 05  11236 NG
)
v. )
)   MAGISTRATE JUDGE Bowler
KEITH NOLIN, )
    Defendant. )

RECEIPT # 64925
AMOUNT $ 250
SUMMONS ISSUED: yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. F.J.M.
DATE 6/13/05

## COMPLAINT

### I. INTRODUCTION

1. This is an action by the Executive Director of the Teamsters Union 25 Health Services & Insurance Plan (hereinafter, the "Plan") for the collection of disability benefits paid to the Defendant from August 25, 2002 through October 30, 2002.

### II. JURISDICTION AND VENUE

2. The Plaintiff, Carol Blanchard (hereinafter, "the Plaintiff") invokes the jurisdiction of this Court pursuant to § 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"), and federal common law, 28 U.S.C. § 1331.

3. Venue is proper in this District Court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, inter alia, the relevant employee benefit plan is administered in this District, and pursuant to 28 U.S.C. § 1391(a), because the Plaintiff's claims arose in this District.

### III. PARTIES

4. The Plaintiff is the Executive Director of the Plan and a "fiduciary" within the meaning of § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Plan is a "multi-employer plan" as that term is defined by § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), and is an "employee benefit plan" or "plan" as that term is defined in § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan has its principal office and is administered from 16 Sever Street, Boston, Massachusetts.

The Plaintiff is authorized to bring this action on behalf of the Plan. The Plan is administered by Trustees in accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing medical benefits and related benefits to its participants and beneficiaries.

5. Defendant Keith Nolin (hereinafter, "the Defendant") is an individual whose mailing address is 8 Marshall Road, Kingston, New Hampshire 03884.

## IV.   ALLEGATIONS OF FACT

6. On August 7, 2002, the Defendant, a participant in the Plan, suffered a work-related injury.

7. As a result of the work-related injury, the Defendant received disability benefits from the Plan in the amount of $4,419.60 between August 25, 2002 and October 30, 2002.

8. On August 28, 2002, the Defendant executed the Plan's Reimbursement Agreement And Consent To Lien form wherein the Defendant agreed to repay the Plan the total amount of benefits referred to in paragraph 7 above in the event that he receives workers' compensation benefits on account of the same injury. By that same agreement, the Defendant agreed to "promptly notify the Health Plan if I or my dependent(s) make any claim…against any third party as a result of the injuries sustained and if I…recover any settlement or judgment from such a third party claim…I…will reimburse the Health Plan for the full amount of such benefits" (See Exhibit "A").

9. On June 3, 2003, the Defendant executed a Section 19 Agreement whereby he received Section 34 benefits at the rate of $533.12 from August 7, 2002 through October 26, 2002, and agreed to reimburse the Plan for wage payments advanced (See Exhibit "B").

10. The Defendant is obligated to remit to the Plan the amount of disability benefits referred to in paragraph 7 above under the terms of the Plan and by the written agreement which the Defendant signed prior to his receiving benefits payments described in paragraph 7.

11. By letters dated July 22, 2003, July 31, 2003, the Plan requested that the Defendant repay the full amount of the benefits paid to him of $4,419.60 (See Exhibit"C," Exhibit "D"). The Defendant, however, has not made payment.

12. On August 20, 2003, the Plan suspended the Defendant's benefits due to the Defendant's continued failure to reimburse the Plan for disability benefits conferred by the Plan during the period of his absence due to the work related injury suffered on August 7, 2002 (See Exhibit "E").

## COUNT I

### (Enforcement Of The Plan's Terms)

13. The Plaintiff reavers every allegation contained in paragraphs 1 – 12 contained herein.

14. The Defendant has violated the terms of the Plan by failing and refusing to repay the amount of disability benefit payments referred to in paragraph 7.

15. The Plaintiff is entitled to enforce the Plan pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT II

### (Breach Of Contract)

16. The Plaintiff reavers every allegation contained in paragraphs 1 – 12 contained herein.

17. The Defendant has breached contractual obligations by failing and refusing to repay the Plan the amount of disability benefit payments referred to in paragraph 7.

18. The Plaintiff is entitled to the enforcement of these contractual obligations.

## V.   PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment enter for the following:

(1)   The unpaid disability benefits in the amount of $4,419.60;

(2)   Reasonable attorney's fees and costs of the action;

(3)   A permanent injunction prohibiting the Defendant from any future violations of ERISA or the LMRA with respect to the Plan; and

(4)   Such other legal and equitable relief as the Court deems appropriate.

For the Plaintiff,
CAROL BLANCHARD,
EXECUTIVE DIRECTOR,
TEAMSTERS UNION 25 HEALTH
SERVICES & INSURANCE PLAN,
By her attorneys,

_____
Matthew E. Dwyer, BBO# 139840
Brian M. Maser, BBO# 655667
Dwyer, Duddy & Facklam, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
(617) 723-9777

Dated: 6/10/05
f:\l25hsip\workers' comp\nolin\pldgs\comlaint.doc

4



# REIMBURSEMENT AGREEMENT AND CONSENT TO LIEN

**Teamsters Union 25 Health Services & Insurance Plan**

TeamstersCare
Member Services
16 Sever Street
Sullivan Square
Charlestown, MA
02129-1309

**Telephone**
*local:* 617-241-9220
*in MA:* 1-800-442-9939
*outside MA:* 1-800-225-6135

**Fax**
617-241-8168

www.teamsterscare.com

**Union Trustees**
George W. Cashman
*Co-Chairman*
William H. Carnes
Ritchie E. Reardon

**Employer Trustees**
John J. Shaughnessy, Sr.
*Co-Chairman*
John J. McCarthy, Jr.
Burton C. Trebour

**Executive Director**
Rodney G. Smith

**Associate Fund Director
– Operations**
Daniel J. Sullivan, R.Ph.

**Associate Fund Director
– Clinical Services**
Carol A. Blanchard, D.D.S.

1. I hereby agree that, if the Teamsters Union 25 Health Services & Insurance Plan ("Health Plan") provides benefits to or on behalf of me or my dependent(s) as a result of injuries which I or my dependent(s) or legal representative(s) assert to be the legal responsibility of a third party, the Health Plan shall have the right to recover the full amount of such benefits from me or my dependent(s) without deductions or adjustments of any kind. I further agree that the Plan's lien and right to reimbursement shall not be dependent upon a formal adjudication of third party liability and shall extend to any lump sum or structured compromise settlement.

2. I further agree that I will promptly notify the Health Plan if I or my dependent(s) make any claim or bring any action against any third party as a result of the injuries sustained and if I or my dependent(s) recover any settlement or judgment from such a third party claim, I or my dependent(s) will reimburse the Health Plan for the full amount of such benefits, without deductions or adjustments of any kind, within 30 days following receipt by me or my dependent(s), or by an attorney acting on behalf of me or my dependent(s), of the proceeds of such settlement or judgment. I also agree to provide the Plan, upon request, all pertinent information relating to such claim or action and to execute any documents necessary to carry out my obligations under this Agreement. I understand that failure to comply with this Agreement may result in a suspension of benefits. I also agree that if reimbursement is not made within such 30 day period, I or my dependent(s) shall be liable for interest on the amount owed to the Health Plan or at a rate of 1% per month commencing on the 31st day following such receipt of the proceeds of settlement or judgment, together with all costs, including reasonable attorneys' fees and expenses of suit, incurred by the Health Plan in collecting such reimbursement.

3. I further agree that, to secure the above rights of reimbursement and any additional interest, costs and attorneys' fees for which I or my dependent(s) may be liable, the Health Plan shall have a lien against the proceeds of any such third party settlement or judgment which shall have priority over all other claims against such proceeds to the maximum extent allowed by law. The lien shall attach to such proceeds immediately upon receipt by me or my dependent(s), or by an attorney acting on behalf of me or my dependent(s), whichever occurs first, and shall be discharged only by written release executed by the Health Plan or its authorized representatives or attorneys.

50

- 2 -

4. I further agree to notify any attorney retained by me of the existence and terms of this agreement and irrevocably direct that any attorney acting on behalf of me or my dependent(s) to recover any such third-party settlement or judgment shall be bound by the terms of this Agreement and shall honor the lien and pay over to the Health Plan so much of such proceeds as are required to satisfy the obligations of this Agreement without any deduction or adjustment for attorney's fees. The name and address of such attorney, if already retained by my dependent(s) or me is set forth below. I agree to promptly notify the Health Plan if any new or different attorney is retained at a later time. I further understand and agree that the Health Plan is exempt from any state statute because that statute is pre-empted by ERISA, and I agree that this Agreement is valid and enforceable in accordance with its terms.

Name & Address of Attorney: _Ralph Shew_

_Salem NH_

_(603) 893-4334_

Executed this _28_ day of _August_, 2002.

_____     _____
Witness Signature              Member Signature

_____     _____
Witness Signature              Claimant (If other than Member)

Personally appeared at _Boston, MA_,
                        (City and State)

_____, signer and sealer of the foregoing
(Claimant Name)

Agreement, who acknowledged the same to be his/her free act, before me.



_Patricia Ann Lapointe_
Notary Public Signature (Seal must be stamped)

Patricia Ann Lapointe
Notary Public
Commonwealth of Massachusetts
My Commission Expires September 24, 2004

My Commission Expires: _____

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                                                  Department of Industrial Accidents

Employee:        Keith Nolin
Employer:        US Food Services
Insurer:         US Food Services c/o AHOLD
Date of Injury:  8/7/02
Board No.:       32695-02

### Section 19 Agreement

The parties to the above-entitled action hereby agree to the following in accordance with Section 19 of the Massachusetts General Laws Chapter 152, The Workers Compensation Act.

1. The insurer shall pay Section 34 benefits to the Employee at the rate of $533.12 based on an average weekly wage of $888.54 from August 7, 2002 to October 26, 2002 out of which the Employee shall reimburse the Teamsters for wage payments advanced.

2. The insurer shall receive a credit for prior payments made to the Employee in the amount of $388.08 and $140.00.

3. The insurer shall pay an attorney's fee to TORRISI & TORRISI, P.C. in the amount of $950.00 plus a reimbursement of expenses in the amount of $677.22.

4. The insurer shall pay all reasonable and related medical bills to date at applicable board rates including but not limited to third party notices of liens from "Future Health"; Teamsters Union 25 Health Services (medicals only); and The Rawlings Company, agent on behalf of Tufts Health Plan, Mr. Nolin's health insurance provider.

5. All payments are made without prejudice and the insurer does not accept liability for this claim.

Keith Nolin                                    US Food Services
By His Attorney                                By Its Attorney

*/s/ Michael A. Torrisi/*                      */s/ Warren Richards/*
Michael A. Torrisi, Esquire                    Warren Richards, Esquire
TORRISI & TORRISI, P.C.                        459 Washington Street
555 Turnpike Street, Suite 44                  Box 211A
North Andover, MA  01845                       Duxbury, MA  02331
978/683-4440                                   617/347-2760

Dated: 6/3/03                                  Dated: 6/3/03

                                               */s/ Richard J. Heffernan, ADMN JUDGE/*
                                               Approved for the Department by:

                                               Dated: JUNE 6, 2003



**Teamsters Union 25
Health Services
& Insurance Plan**

**TeamstersCare
Member Services**
16 Sever Street
Sullivan Square
Charlestown, MA
02129-1309

**Telephone**
*local:* 617-241-9220
*in MA:* 1-800-442-9939
*outside MA:* 1-800-225-6135

**Fax**
617-241-8168

www.teamsterscare.com

**Union Trustees**
Ritchie E. Reardon
*Co-Chairman*
Mark A. Harrington
Lou DiGiampaolo

**Employer Trustees**
John J. Shaughnessy, Sr.
*Co-Chairman*
Charles F. Arbing
Thomas K. Wotring

**Executive Director**
Rodney G. Smith

**Associate Fund Director
– Operations**
Daniel J. Sullivan, R.Ph.

**Associate Fund Director
– Clinical Services**
Carol A. Blanchard, D.D.S.

July 22, 2003

Mr. Keith Nolin
88 School Street
Salem, NH 03079-2601

Re: WC Claim 8/7/02

Dear Mr. Nolin:

Teamsters Union 25 Health Services & Insurance Plan processed a disability claim relating to the above-referenced matter as follows.

| Dates | Weekly Amount | Amount Paid |
|---|---|---|
| 8/25/02 to 10/30/02 | $461.75 | $4,419.60 |

Since we have received notice that you were awarded workers' compensation benefits, the Plan must be repaid within seven days of the date of this letter. Please send payment immediately.

If you have any questions about this matter, you may call the Plan Office.

Sincerely,

Barbara Vraibel
Member Services

50



July 31, 2003

**Teamsters Union 25
Health Services
& Insurance Plan**

**TeamstersCare
Member Services**
16 Sever Street
Sullivan Square
Charlestown, MA
02129-1309

**Telephone**
*local:* 617-241-9220
*in MA:* 1-800-442-9939
*outside MA:* 1-800-225-6135

**Fax**
617-241-8168

www.teamsterscare.com

**Union Trustees**
Ritchie E. Reardon
*Co-Chairman*
Mark A. Harrington
Lou DiGiampaolo

**Employer Trustees**
John J. Shaughnessy, Sr.
*Co-Chairman*
Charles F. Arbing
Thomas K. Wotring

**Executive Director**
Rodney G. Smith

**Associate Fund Director
– Operations**
Daniel J. Sullivan, R.Ph.

**Associate Fund Director
– Clinical Services**
Carol A. Blanchard, D.D.S.

Mr. Keith Nolin
88 School Street
Salem, NH 03079-2601

Re: Insurance Coverage – Lien Repayment

Dear Mr. Nolin:

We sent you a letter on July 22, 2003, requesting repayment of disability benefits. To date, we have not received a response. Therefore, we are exercising our option, as stated in the Lien Agreement signed by you, to suspend your medical benefits. If repayment of $4,419.60 is not received within seven days of the date of this letter, all benefits will be suspended. Once repayment of the outstanding lien amount is received, benefits will be reinstated.

You may call the Plan Office if you have any questions concerning this matter.

Sincerely,

Carol A. Blanchard, D.D.S.
Associate Director

50



August 20, 2003

**Teamsters Union 25
Health Services
& Insurance Plan**

**TeamstersCare
Member Services**
16 Sever Street
Sullivan Square
Charlestown, MA
02129-1309

**Telephone**
*local:* 617-241-9220
*in MA:* 1-800-442-9939
*outside MA:* 1-800-225-6135

**Fax**
617-241-8168

www.teamsterscare.com

**Union Trustees**
Ritchie E. Reardon
*Co-Chairman*
Mark A. Harrington
Lou DiGiampaolo

**Employer Trustees**
John J. Shaughnessy, Sr.
*Co-Chairman*
Charles F. Arbing
Thomas K. Wotring

**Executive Director**
Rodney G. Smith

**Associate Fund Director
– Operations**
Daniel J. Sullivan, R.Ph.

**Associate Fund Director
– Clinical Services**
Carol A. Blanchard, D.D.S.

Mr. Keith Nolin
88 School Street
Salem, NH 03079-2601

Re: WC Injury– Lien Repayment

Dear Mr. Nolin:

On August 8, 2003, we informed you that the Plan must be reimbursed by August 15, 2003 for a disability claim paid to you as a result of the above-referenced incident or benefits would be suspended.

Since you have not repaid the Plan, effective immediately, all benefits are suspended. They will be reinstated upon repayment of **$4,419.60**.

If you have any questions about this matter, you may call the Plan Office.

Sincerely,

Daniel J. Sullivan, R. Ph.
Associate Fund Director

50

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Carol Blanchard, Executive Director of the Teamsters Union 25__
   __Health Services & Insurance Plan v. Keith Nolin__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ (II.)  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☑

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐    Central Division ☐    Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☑    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Matthew E. Dwyer, Brian M. Maser__
ADDRESS __Dwyer, Duddy and Facklam, P.C., Two Center Plaza, Suite 430, Boston, MA 02108__
TELEPHONE NO. __(617) 723-9777__

(CategoryForm.wpd - 5/2/05)

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Carol Blanchard, Executive Director of the Teamsters Union 25 Health Services & Insurance Plan

(b) County of Residence of First Listed Plaintiff   Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Matthew E. Dwyer, Brian M. Maser, Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430, Boston, MA 02108

## DEFENDANTS
Keith Nolin

County of Residence of First Listed Defendant   Rockingham, NH
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sec. 1132(a)(3)

Brief description of cause:
Suit to recover disability benefits owed an employee benefit plan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____